IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE HORTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **01-614-MJR** |
| ) | |
| **DONALD SNYDER, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiff Eugene Horton's motion to prohibit the defendants from using an "illegal defense." **(Doc. 241).** The defendants find plaintiff's motion indecipherable, but they generally object to any valid defense being excluded. **(Doc. 243).** This Court construes plaintiff's motion as a motion to limit, which is not necessarily a dispositive motion, and therefore may be ruled on by this Court.

Plaintiff characterizes the defendant's reliance on his entire disciplinary history as the basis for his placement at Tamms, rather than just the incident where plaintiff allegedly incited a disturbance and threatened that prison staff would be injured, as an "illegal defense." Plaintiff argues:

> Defendants should be prohibited from use of this illegal defense that plaintiff did not raise and do not want to pursue because it present[s] unwanted issues of transfer of sentencing power, unconstitutional disciplinary procedure[s], and ex post facto punishment, which may be Heck/Balisok claims.

**(Doc. 241, p. 1, ¶ 3).**

"Heck/Balisok claims" are claims deemed within the scope of habeas corpus proceedings that, therefore, cannot be pursued in a Section 1983 civil rights action, per *Heck v. Humphrey*,

1

512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).  *Heck* and *Balisok* preclude plaintiff from tangentially challenging the validity of disciplinary convictions cited by the defendants as grounds for his placement at Tamms.  However, *Heck* and *Balisok* do not bar the defendants from asserting that they relied upon those convictions in making the placement decision.  Plaintiff apparently fears not being able to counter that defense by arguing that the convictions are not valid.  Plaintiff is correct, but that does not render the defense "illegal."  The point of *Heck* and *Balisok* is that, until upset via a habeas corpus proceeding, disciplinary convictions are considered valid, making those disciplinary convictions a perfectly "legal" defense. In any event, plaintiff can still argue and attempt to demonstrate that those other disciplinary convictions are cited as a pretext for the defendants' improper retaliatory motive.

   **IT IS THEREFORE ORDERED** that plaintiff's motion to prohibit the defendants from using an "illegal defense" **(Doc. 241)** is **DENIED**, as it has no basis in law.

   **IT IS SO ORDERED.**

   **DATED: June 8, 2005**                    s/ Clifford J. Proud
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**