IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE HORTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No.  **01-614-MJR** |
| ) | |
| **DONALD SNYDER, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are plaintiff's motion to compel defendant Hinsley to respond to plaintiff's request for admissions, and his brief in support of the subject motion.  **(Docs. 245 and 246).**  Also before the Court is defendant Hinsley's response.  **(Doc. 247).**

Defendant Hinsley did respond to plaintiff's request for admissions, but he objected to requests 1, 2, 3 and 8.  Therefore, the Court will only concern itself with those four requests.

**Requests 1, 2 and 3:**

Request 1 pertains to Hinsley's activities as acting warden and warden from 1971 to 1997.  Hinsley objected that the complaint only pertains to the time period from March 17, 1998, to October 15, 2002, and pertains only to Hinsley's actions as assistant warden (Hinsley did not become warden until after October 15, 2002).  Requests 2 and 3 similarly seek information about Hinsley's actions during that same time period relative to repeated decisions to keep plaintiff in segregation, and Hinsley asserts the same objections.

Plaintiff offers no specific argument refuting Hinsley's objections.  In accordance with Federal Rule of Civil Procedure 36(a), Hinsley's objections are well taken.   The requests do not relate to Hinsley's actions as a defendant, and are thus not the proper subject matter for requests

1

for admissions; rather, they are better addressed by an interrogatory.  Therefore, Hinsley's objections to requests 1, 2 and 3 are sustained.

**Request 8:**

Request 8 pertains to 2002-2003 when Hinsley was warden, and his ability or inability to expunge disciplinary actions taken in 1997, and his authority to correct the rationale for keepig plaintiff in segregation.  Hinsley again objects that the complaint only pertains to his activities as assistant warden and the time period from March 17, 1998, to October 15, 2002.  Again, the Court sustains Hinsley's objections.  The request does not relate to Hinsley's actions as a defendant, and is thus not the proper subject matter of a request for admission; rather, it is better addressed by an interrogatory

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 245)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATED: June 9, 2005                    s/ Clifford J. Proud
                                       CLIFFORD J. PROUD
                                       U. S. MAGISTRATE JUDGE