IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE HORTON,** )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>**DONALD SNYDER, et al.,** )<br>)<br>Defendants. ) | Civil No. **01-614-CJP** |

## ORDER

Before the Court is plaintiff's motion in limine directed to: a May 14, 1997 disciplinary report; (2) plaintiff's disciplinary history from 1971 through 1997; (3) disciplinary actions taken between June 1, 1997, and July 22, 2003; (4) disciplinary offenses dated October 8, 1997 and November 20, 1997, and a July 17, 1997 grievance regarding a May 14, 1997 disciplinary report; and 5), mental health evaluations dated October 29, 2002, and October 31, 2002, which purportedly contain unproven disciplinary offenses. **(Doc. 274).**  Defendants have responded, generally objecting to plaintiff's motion.  **(Doc. 277).**

Subsequent to the filing of defendants' response, plaintiff filed a "Notice" stating: "All reference to dis. History should be stricken from motion in limine," noting that issues surrounding his disciplinary history can be resolved at trial.  **(Doc. 282).**  Plaintiff has also withdrawn his retaliation claim.  **(Doc. 315).**  The following issues remain for trial:

> Defendants Snyder, Welborn and Hinsley violated Plaintiff's Eighth Amendment rights when they: 1) intentionally subjected the Plaintiff to foreseeable physical and mental harm due to him being placed in a single man cell and having to endure 30 minute bed checks; and 2) exposing the Plaintiff to second hand smoke.

**(Doc. 303, p. 2; and Doc. 316, p. 2).**  Therefore, the first, second third and fourth items

1

enumerated above are moot, as they related to disciplinary actions prior to January 1, 1998, or otherwise pertain solely to plaintiff's retaliation claim.

With respect to mental health records dated October 29, 2002, and October 31, 2002, purportedly containing unproven disciplinary offenses, defendants correctly observe that plaintiff has placed his mental health status at issue, therefore making those records generally relevant. At this juncture the Court is unclear on exactly how defendants intend to use the mental health records; evidentiary objections to the specifics of those reports can be raised at trial if the situation arises.

**IT IS HEREBY ORDERED** that plaintiff's motion in limine **(Doc. 274)** is **DENIED**.

**IT IS SO ORDERED.**

DATED:October 18, 2005              s/ Clifford J. Proud
                                    **CLIFFORD J. PROUD**
                                    **U. S. MAGISTRATE JUDGE**