IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE HORTON,** | ) |
| Plaintiff, | ) ) ) |
| V. | ) Civil No. **01-614-CJP**[1] |
| **DONALD SNYDER, et al.,** | ) ) ) |
| Defendants. | ) ) |

## ORDER

**PROUD, Magistrate Judge:**

Plaintiff Eugene Horton, who at all relevant times was incarcerated at Tamms Correctional Center, proceeded to trial on his claims that defendants Donald Snyder, George Welborn and Charles Hinsley intentionally subjected him to foreseeable physical and mental harm by placing him in a single-man cell, exposing him to second-hand smoke, subjecting him to bed checks at 30 minute intervals, and not allowing him to have contact with other inmates– all in violation of the Eighth Amendment. At the close of plaintiff's case-in chief, the defendants moved for and were granted judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a).

Before the Court are two related motions filed by plaintiff Horton: (1) "Plaintiff [sic] Motion in Opposition to Defendants [sic] Verbal Motion for Judgment Notwithstanding the Verdict" **(Doc. 353)** and "Plaintiff [sic] Motion for Reconsideration of Court Order to Dismiss

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), upon the consent of the parties, U.S. District Judge Michael J. Reagan referred this case to U.S. Magistrate Judge Clifford J. Proud for final resolution. **(Docs. 300 and 305).**

Based on Defendants [sic] Motion for Judgment Notwithstanding the Verdict" **(Doc. 354)**. Although plaintiff's terminology is not quite correct, he clearly takes issue with the Court granting the defendants judgment as a matter of law at the close of his case-in-chief, rather than allowing trial to proceed to a jury verdict. **(Docs. 345 and 350).** Plaintiff's motions are little more than an assertion that he disagrees with the Court's ruling. Plaintiff argues:

1. The jury never reached a verdict;

2. The Court's decision was against the weight of the evidence and established law;

3. The defendants knowingly permitted policies to be violated; and

4. Plaintiff has hypertension, a recognized serious medical condition, and the conditions of his confinement pose a serious risk of future harm, as recognized in *Alvarado v. Litscher*, 267 F.3d 648 (7th Cir. 2001), and *Keenan v. Hall*, 83 F.3d 1083 (9th Cir. 1996).

**(Docs. 353 and 354).**

Defendants Snyder, Welborn and Hinsley counter:

1. Federal Rule of Civil Procedure 50(a) permits entry of judgment prior to submission of the case to the jury;

2. Plaintiff did not present evidence sufficient to establish each defendant's personal involvement in plaintiff's housing assignment;

3. The bedcheck policy that lead to the lights being on during the night was reasonably related to a legitimate penological interest;

4. The conditions of confinement did not violate contemporary standards of decency; and

5. There was no medical or scientific evidence presented that plaintiff's exposure to second-hand smoke, lack of sleep and exposure to noise aggravated his hypertension.

**(Docs. 355 and 356).**

## Analysis

Federal Rule of Civil Procedure 50(a)(1) authorizes a court to enter judgment as a matter of law against a party "if . . . a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." "'Judgment as a matter of law is proper only if a reasonable person could not find that the evidence supports a decision for a party on each essential element of the case, viewing the evidence in the light most favorable to the nonmovant.' *Campbell v. Peters*, 256 F.3d 695, 699 (7th Cir. 2001), citing *Jones v. Western & Southern Life Ins. Co.*, 91 F.3d 1032, 1036 (7th Cir.1996)." **Mutual Service Casualty Insurance Co. v. Elizabeth State Bank, 265 F.3d 601, 612 (7th Cir. 2001).** Therefore, ruling before the case was presented to the jury was procedurally proper.

In order to establish that a condition of confinement violates the Eighth Amendment, a two part test must be satisfied. First, an objective determination must be made that the conditions the inmate was required to endure exceeded contemporary bounds of decency; second, a subjective determination must be made that the officials acted with a sufficiently culpable state of mind. **Wilson v. Seiter, 501 U.S. 294, 298 (1991); Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994).** It is those prison conditions which involve wanton and unnecessary infliction of pain, totally without penological justification, which offend the Constitution. **Rhodes v. Chapman, 452 U.S. 337, 346 (1981)**. This is a difficult standard to reach; prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment. **Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).** Furthermore, mere negligence does not satisfy the deliberate indifference standard. Rather, plaintiffs must demonstrate "something approaching a total unconcern for [his] welfare in the face of serious

risks, or a conscious, culpable refusal to prevent harm." ***Duane v. Lane***, **959 F.2d 673, 677 (7th Cir.1992).** However, requests for relief which have fallen on deaf ears *may* evidence deliberate indifference. ***Dixon*, 114 F.3d at 645.**

In addition, personal involvement is a prerequisite for individual liability. ***Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983); 42 U.S.C. § 1983.** The doctrine of *respondeat superior* cannot be used to impose Section 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights. ***Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997).** However, supervisory liability will be found if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. ***Lanigan*, 110 F.3d at 477.** Supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not "personally involved" so as to incur liability. ***Id.*** "Rather, 'supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.'" ***Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-993 (7th Cir. 1988));** *see also Gossmeyer v. McDonald*, **128 F.3d 481, 495 (7th Cir. 1997).**

*Alvarado v. Litscher*, 267 F.3d 648 (7th Cir. 2001), cited by plaintiff, holds that deliberate indifference to exposure to environmental tobacco smoke can form the basis of a viable Eighth Amendment claim, provided the plaintiff ultimately proves all of the required elements of his case. Similarly, *Keenan v. Hall* 83 F.3d 1083 (9th Cir. 1996), also cited by plaintiff, stands for the proposition that excessive noise and poor ventilation and constant illumination can form the basis for a viable Eight Amendment conditions of confinement claim, provided the plaintiff can prove all of the required elements of the claim. These cases do not establish that these

conditions are constitutional violations per se. Plaintiff's claims proceeded to trial because the Court recognized the aforementioned principles. However, as explained fully in the Court's previous order, at the close of plaintiff's case-in-chief, viewing the evidence in the light most favorable to plaintiff, plaintiff had failed to produce evidence that could reasonably support the required elements of his claims. A violation of prison policy, by itself, does not amount to a constitutional violation.

Plaintiff's presentation of proof was fatally flawed. In a nut shell, plaintiff failed to present any medical or scientific evidence of a serious risk to health or safety caused by exposure to second-hand smoke, interrupted sleep and exposure to the noise associated with routine bed checks and wing checks throughout the night, or that the levels of exposure were at obviously intolerable or dangerous levels. Also, there was no evidence of cause and effect linking the conditions at issue to a rise in plaintiff's hypertension, let alone evidence that plaintiff's hypertension rose to a level that was a serious health risk that could not be treated with medication, or that would preclude him from being housed at Tamms. There was also no medical or scientific evidence that plaintiff has a serious sleeping disorder.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, plaintiff Horton's motion in opposition to, and motion for reconsideration of the Court's order granting defendants' motion for judgment as a matter of law **(Docs. 353 and 354)** are both **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: March 6, 2007**          s/ Clifford J. Proud
                                  **CLIFFORD J. PROUD**
                                  **U. S. MAGISTRATE JUDGE**